**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| ERIC HOLLANDER, on behalf of himself and all others similarly situated<br><br>            Plaintiff,<br><br>    v.<br><br>OFFICEMAX INCORPORATED, MAPLEBY HOLDINGS MERGER CORPORATION, MAPLEBY MERGER CORPORATION, RAKESH GANGWAL, RAVICHANDRA K. SALIGRAM, WARREN F. BRYANT, FRANCESCA RUIZ DE LUZURIAGA, JOSEPH M. DEPINTO, V. JAMES MARINO, WILLIAM J. MONTGORIS, DAVID M. SZYMANSKI, OFFICE DEPOT, INC., DOGWOOD MERGER SUB INC., and DOGWOOD MERGER SUB LLC,<br><br>            Defendants. | Case No. 13-cv-3330 |

## AMENDED NOTICE OF VOLUNTARY DISMISSAL OF ACTION

NOW COMES Plaintiff, ERIC HOLLANDER, by and through his attorneys, LARRY D. DRURY, LTD., and pursuant to Federal Rule of Civil Procedure 41 (a)(1)(A) (i) voluntarily dismisses this action against Defendants, OFFICEMAX INCORPORATED, MAPLEBY HOLDINGS MERGER CORPORATION, MAPLEBY MERGER CORPORATION, RAKESH GANGWAL, RAVICHANDRA K. SALIGRAM, WARREN F. BRYANT, FRANCESCA RUIZ DE LUZURIAGA, JOSEPH M. DEPINTO, V. JAMES MARINO, WILLIAM J. MONTGORIS,

DAVID M. SZYMANSKI, OFFICE DEPOT, INC., DOGWOOD MERGER SUB INC., and

DOGWOOD MERGER SUB LLC, with prejudice, and states as follows:

1.      That on May 2, 2013, Plaintiff filed his Class Action Complaint in the above

matter.

2.      That no opposing party has filed an Answer or Motion for Summary Judgment

before the Court.

3.      No class has been certified in the above matter.

4.      That this shareholder action is one of two related federal court actions involving

the merger of Office Max. The other related federal action is *Defabio, et al. v. OfficeMax, Inc.*

1:13-cv-03385 (Kendall, Jr.).

5.      The two federal actions were included as part of a global settlement of related state

court proceedings entitled *Donepudi v. OfficeMax, Inc.*, Case No. 2013 L 118 (Circuit Court

Illinois – 18th Judicial Cir., DuPage County). Final approval in the *Donepudi* was granted by the

Court on January 21, 2014. A copy of the Final Judgment and Order of Dismissal is attached

hereto as Exhibit A.

6.      That on January 24, 2014 Plaintiff filed his Notice of Voluntary Dismissal of

Action, requesting dismissal of this action, without prejudice. However, pursuant to the *Donepudi*

settlement, this action has to be dismissed with prejudice. Paragraph 5.2(ii) of the Stipulation of

Settlement, states as follows:

> "5.2.   The Fee Award shall be paid, or cause do be paid, by OfficeMax or its successor in
> interest, on behalf of itself and for the benefit of all Defendants, via wire transfer to
> Robbins Geller Rudman & Dowd LLP as receiving agent for all Plaintiffs' counsel within
> ten (10) business days after both (i) entry by the State Court of the Judgment or a

2

judgment substantially in the form of Exhibit B attached hereto, even though such judgment may be subject to appeal, and (ii) entry by the Federal Court of orders dismissing the Federal Actions with prejudice and with each party to be its own costs."

WHEREFORE, Plaintiff, ERIC HOLLANDER, prays this honorable court dismiss this action against Defendants, with prejudice and without costs, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), instanter.

Dated: February 4, 2014

RESPECTFULLY SUBMITTED,

ERIC HOLLANDER, on behalf of himself and all others similarly situated,

By:     /s/ Larry D. Drury

LARRY D. DRURY
LARRY D. DRURY, LTD.
100 North LaSalle Street
Suite 1010
Chicago, IL 60602
312/346-7950
#0681024

12

CERTIFICATION

I, Chris Kachiroubas, Clerk of the 18th Judicial Circuit Court DuPage County, Illinois, do hereby certify the above correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.

DATE 01/22/2014

CHRIS KACHIROUBAS, Clerk

By KRISTIN JACOBS Deputy Clerk

DuPage Attorney Code 254027

### IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
### COUNTY OF DU PAGE, ILLINOIS                     3568877

|  |  |
|---|---|
| VENKATA S. DONEPUDI, Individually and on Behalf of All Others Similarly Situated, ) | Case No. 2013L000188 |
| ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| vs. ) | |
| ) | |
| OFFICEMAX INCORPORATED, et al., ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

Request received on 2014-01-22-16.20.55.0 Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IP01222014-0433-44207

EXHIBIT A

The matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), dated November 12, 2013, on the application of the Settling Parties for approval of the settlement of this consolidated Action and of the related shareholder actions *Hollander v. OfficeMax Inc., et al.*, No. 1:13-cv-0330 (N.D. Ill.) and *DeFabio v. OfficeMax Inc., et al.*, No. 1:13-cv-03385 (N.D. Ill.), as set forth in the Stipulation of Settlement dated as of November 6, 2013 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.       This Final Judgment and Order of Dismissal (the "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.       This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

3.       Due and adequate notice of the proceedings and settlement having been provided to the members of the Settlement Class, and a full opportunity having been offered to them to participate in the Settlement Hearing, it is hereby determined that the members of the Settlement Class are bound by this Judgment.

4.       This Court hereby dismisses this Action on the merits with prejudice.

5.       The Clerk of the Court is directed to enter and docket this Judgment in this Action.

6.       Pursuant to Sections 801 and 802 of the Illinois Code of Civil Procedure, 735 Ill. Corp. Stat. 5/2-801 and 802, the Court certifies, for purposes of effectuating this settlement only, a Settlement Class of all persons and entities who held shares of OfficeMax common stock, either of



Request received on 2014-01-22-16.20.55.0  Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

record or beneficially, at any time between February 20, 2013, through and including November 5, 2013, the date of the consummation of the merger. Excluded from the Settlement Class are Defendants, their subsidiary companies, affiliates, and members of their immediate families, as the case may be. Also excluded from the Settlement Class are those persons (identified in Exhibit 1 hereto) who timely and validly requested exclusion from the Settlement Class.

7.     With respect to the Settlement Class, this Court finds and concludes, for purposes of this settlement only, that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other methods for the fair an efficient adjudication of the matter.

8.     This Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, and the Settling Parties are hereby directed to perform its terms.

9.     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members and the Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, released, relinquished, and discharged fully, finally, and forever all Released Claims (including Unknown Claims) against the Released Persons.

10.     In accordance with the intentions of the settling parties, the Released Claims include claims that Plaintiffs or the members of the Settlement Class do not know or suspect to exist at the time of the release, that if known might have affected the settlement with and release of the Released Persons, or might have affected the decision not to object to the Settlement. Upon the Effective Date, the Plaintiffs shall expressly, and each of the Settlement Class Members and their respective

- 2 -

Request received on 2014-01-22-16.20.55.0  Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F01222014-0433-44207

Releasing Persons shall be deemed to have, and by operation of this Judgment shall have, waived

and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits

conferred by any law that governs or limits a person's release of unknown claims; further, Plaintiffs

and the members of the Settlement Class shall be deemed to have, and by operation of this Judgment

shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and

benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
> BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each of the Settlement Class Members and the Releasing Persons shall be deemed to

have, and by operation of this Judgment shall have, expressly waived any and all provisions, rights,

and benefits conferred by any law or state or territory of the United States, any federal law or

regulation, or any principle of common law or international or foreign law, which is similar,

comparable, or equivalent to Section 1542 of the California Civil Code. The Plaintiffs and

Settlement Class Members may hereafter discover facts in addition to or different from those that

they now know or believe to be true with respect to the subject matter of the Released Claims, but

the Plaintiffs shall expressly have and each Settlement Class Member and the Releasing Persons,

upon the Effective Date, shall be deemed to have, and by operation of this Judgment shall have,

settled and released fully, finally, and forever any and all Released Claims, known or unknown,

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which

now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into

existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional,

with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent

discovery or existence of such different or additional facts. The Settling Parties acknowledge, and

- 3 -

Request received on 2014-01-22-16.20.55.0 Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

the Settlement Class Members shall be deemed to have acknowledge, that the foregoing waiver was separately bargained for and a material element of the settlement.

11.     Upon the Effective Date, all Settlement Class Members are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in, or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively, or in any other capacity, against any of the Released Persons or asserting any claims that are, arise out of, or in any way relate to, the Released Claims.

12.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, released, relinquished, and discharged fully, finally, and forever Plaintiffs, each and all of the Settlement Class Members, the Releasing Persons, and counsel to the Plaintiffs from all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims. By operation of the entry of this Judgment, upon the Effective Date, the Released Persons shall be deemed to have waived any and all rights and benefits which they now have, or in the future may have with respect to the claims released by ¶4.2 of the Stipulation by virtue of the provisions of §1542 of the California Civil Code or any other similar law or provision, which section provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

- 4 -



Request received on 2014-01-22-16.20.55.0 Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

13.     The Notice of Settlement of Class Actions given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort and the posting of such notice and the Stipulation at www.officemaxsecuritieslitigation.com. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Illinois law and the requirements of due process.

14.     The Court orders that OfficeMax or its successor, on behalf of itself and for the benefit of all Defendants shall pay, or cause to be paid, the sum of $735,000 in attorneys' fees and expenses to Plaintiffs' Counsel in accordance with, and subject to the terms and conditions of ¶5 of the Stipulation.

15.     During the course of the Actions, all Settling Parties and their counsel complied with the requirements of Illinois law.

16.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; of (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file the Stipulation or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaims.

Request received on 2014-01-22-16.20.55.0  Document supplied on 01/22/2014 16:23:22 # 3368877/17043252657
Click here or Visit http://www.l2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

17.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; (b) the payment of attorneys' fees and expenses ordered in this Judgment; and (c) all parties hereto for the purposes of construing, enforcing, and administering the Stipulation.

18.    In the event that the settlement does not become effective in accordance with the terms of this Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED:  _1- 21- 14_

THE HONORABLE RONALD D. SUTTER
EIGHTEENTH JUDICIAL CIRCUIT
COURT JUDGE

Submitted by

LASKY & RIFKIND, LTD.
NORMAN RIFKIND
AMELIA S. NEWTON

_/s/ Norman Rifkind_
NORMAN RIFKIND

351 West Hubbard Street, Suite 401
Chicago, IL  60654
Telephone:  312/634-0057
312/634-0059 (fax)
rifking@laskyrifkind.com

Attorneys for Plaintiff

- 6 -

Request received on 2014-01-22-16.20.55.0  Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F01222014-0433-44207

*Of Counsel:*

ROBBINS GELLER RUDMAN
   & DOWD LLP
RANDALL J. BARON
A. RICK ATWOOD, JR.
DAVID T. WISSBROECKER
EDWARD M. GERGOSIAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE BRISCOE LAW FIRM, PLLC
WILLIE C. BRISCOE
8150 N. Central Expressway, Suite 1575
Dallas, TX 75206
Telephone: 214/239-4568
281/254-7789 (fax)

POWERS TAYLOR LLP
PATRICK W. POWERS
Campbell Centre II
8150 North Central Expressway, Suite 1575
Dallas, TX 75206
Telephone: 214/239-8900
214/239-8901 (fax)

- 7 -

Request received on 2014-01-22-16.20.55.0 Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:. IF01222014-0433-44207

# EXHIBIT 1

Please exclude me from the following settlement class.

**OfficeMax Shareholder Litigation**

**Case # 2013L000188**

**Venkata S. Donepudi, et al., Individually and on behalf of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**OfficeMax Inc., et al**

<u>**I do not own shares of OfficeMax stock, nor have I ever.**</u>

*Denise C Schaeffer*

Denise C. Schaeffer

Dowling & Partners

190 Farmington Ave.,

Farmington, CT 06032-1713

(860) 647-1108

Request received on 2014-01-22-16.20.55 0  Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

*Rosina B. Dixon, M.D.*
*43 Old Wood Road*
*Bernardsville, NJ 07924*
*(908) 766-9558*
*Fax (908) 766-7561*

December 24, 2013

David Wissbroecker
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego CA 92101

Dear Sir:

I request to be removed from the class in your suit against Office Max. I am personally acquainted with Mr. Ravi K. Saligram and know that he is an extremely competent executive. I have been very pleased with the performance of the 3000 shares of Office Max that I purchased August 4, 2011 and I resent your knee-jerk reaction to file a lawsuit with the announcement of the merger with Office Depot. Please be sure that I have nothing further to do with it

Sincerely,

*Rosina B. Dixon*

Rosina B. Dixon

cc: Matthew R. Kipp, Paul C Gluckow

Rosina B. Dixon, M.D.
49 Old Wood Road
Bernardsville, NJ 07924

BY DANIELS NJ 040
27 DEC 2013 PM 5 L



HENCEFORWARD
SHALL BE
FREE
EMANCIPATION
PROCLAMATION
ABRAHAM LINCOLN
1863
FOREVER • • • USA

Matthew R. Kipp
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive, Suite 2700
Chicago IL 60606

60606172075

Request received on 2014-01-22-16.20.55.0 Document supplied on 01/22/2014 16:23.22 # 3568877/17043252657
Click here or Visit http://www.l2file.net/6v to validate this document. Validation ID: 1F0122014-0433-44207

December 30, 2013

Paul C. Gluckow
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Re: Case No. 2013L000168, Circuit Court of Eighteenth Judicial Circuit Depage County, Illinois
Law Division;
Venkata S. Donepudi, et al., Plaintiff v. Officemax Inc., et al. Defendants.

If I would be a considered to be a member of the Settlement Class in this suit, I wish to be
excluded from the Settlement Class.

Claudia S. Cavin   (2000 shares)
PO Box 37
Center Point, Texas 78010

830-995-3920

*Claudia S. Cavin* (signature)



**≺ HART, LLE ~ 662 SE D' ST., MADRAS, OREGON 97741 ~ 541/475/3488 ≻**

12/30/2014

SUBJECT: NOTICE OF EXCLUSION FROM Case # 2013L000188
DONEPUDI, et al., v. OFFICEMAX INCORPORATED, et al.

SENT TO:

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR THE OFFICEMAX DEFENDANTS | COUNSEL FOR THE OFFICE DEPOT DEFENDANTS |
|---|---|---|
| David Wissbroeker ROBBINS GELLER RUDMAN & DOWD LLP 655 West Broadway, Suite 1900 San Diego, CA 92101 | Matthew R. Kipp SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP 155 North Wacker Drive, Suite 2700 Chicago, IL 60606 | Paul C. Gluckow SIMPSON THACHER & BARTLETT LLP 425 Lexington Avenue New York, New York 10017 |

(1)

Curtis Hart                 and/or              HART, LLE
General Delivery                                662 SE D ST.
Madras, Or. 97741                               MADRAS, OR 97741-1624

Phone # 541-475-3488

(2)

I / we hold, and have at all relevant times hereto held 33.000 shares of OfficeMax Common Stock (Feb. 20th through and including Nov. 5th of 2013).

(3)

PLEASE EXCLUDE FROM THE SETTLEMENT CLASS:

[The shares are assigned via:]   "LAWRENCE J HART & MARIE S HART
JT TEN
662 SE D ST
MADRAS OR 97741-1624"

THANK-YOU;

*Curtis Hart*

Curtis Hart.

Request received on 2014-01-22-16.20.55.0  Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

Account number: 851-10825-1-6
Statement type: Preferred
September 28 - November 29, 2013

201 P
Maryl
www.
Meml

ORVILLE ROY NICKELSON &
MARY LOU JEANETTE NICKELSON
33815 BERG RD
WARREN   OR 97053-9644

STEVE MOOD
PO BOX 1341
ST HELENS OR
503-397-1125

Account number: 851-10825-1-6
Statement type: Preferred
September 28 - November 29, 2013

201
No
ww
Ne

## Detail of Your Investment Activity

### Additions

| | Type | Tax Info. | Date | | Quantit |
|---|---|---|---|---|---|
| Income | Dividends | Q | 11/15 | OFFICEMAX INC | 18 |
| | | | | Total income | |

| | | | Date | | Quantit |
|---|---|---|---|---|---|
| Other income | Redemptions | | 11/06 | CASH IN LIEU OFFICE DEPOT INC | |
| | | | | Total other income | |

### Other Activity

| Date | Activity | | Quantity |
|---|---|---|---|
| 11/06 | EXCHANGE TO | OFFICE DEPOT INC | 48. |
| 11/06 | EXCHANGE FROM | OFFICEMAX INC | -18. |

## Summary of Realized Gain/Loss From Sale of Your Securities

| | Year-to-date |
|---|---|
| Short term (assets held 1 year or less) | $0.00 |
| Long term (held over 1 year) | 0.00 |
| Total | $0.00 |

## Details of Realized Gain/Loss From Sale of Your Securities

| | Purchase Date | Sale date | Quantity | Cost basi |
|---|---|---|---|---|
| OFFICE DEPOT INC | | 11/06 | 0.420 | |

**(Joint tenants with right of survivorship)**

Request received on 2014-01-22-16.20.55.0 Document supplied on 01/22/2014 16:23:22,#.3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

**VII.   DISMISSAL AND RELEASES**

If the proposed settlement is approved, the Court will enter the Judgment. The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims (including Unknown Claims) against all Released Persons, and shall be barred from asserting any of the Released Claims in the future, unless the settlement is canceled or terminated pursuant to the terms of the Stipulation.

**VIII.   CONDITIONS FOR SETTLEMENT**

The settlement is conditioned upon the occurrence of certain events. Those events include, among other things: (i) entry of the Judgment by the Court, as provided for in the Stipulation; (ii) expiration of the time to appeal from or alter or amend the Judgment; (iii) entry of an order dismissing the Federal Actions, and (iv) consummation of the Merger. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, the Stipulation will become null and void, and the parties to the Stipulation will be restored to their respective positions prior to the settlement.

**IX.   THE RIGHT TO BE HEARD AT THE HEARING**

Any Settlement Class Member who seeks to object to any aspect of the settlement may appear and be heard at the Settlement Hearing. If you seek to object to the settlement, you should submit a written notice of objection to the settlement, which should contain (a) a written notice identifying your name, address, and telephone number and, if you are represented, your counsel, and stating whether you or your counsel intends to appear at the Settlement Hearing; (b) a written statement certifying that you are a Settlement Class Member, together with a listing of all of your transactions in OfficeMax common stock at any time from and including February 20, 2013, and through and including November 5, 2013; (c) the grounds for your objections and your reasons (if any) for your desire to be heard; and (d) any documents and writings you would like the Court to consider. Any Settlement Class Member wishing to object to the settlement must mail or hand deliver such objection so that it is received on or before January 7, 2014, by the following:

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR THE OFFICEMAX DEFENDANTS | COUNSEL FOR THE OFFICE DEPOT DEFENDANTS |
|---|---|---|
| David Wissbroecker<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | Matthew R. Kipp<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>155 North Wacker Drive, Suite 2700<br>Chicago, IL 60606 | Paul C. Gluckow<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017 |

Any Settlement Class Member wishing to object to the settlement also must mail or hand deliver such objection so that it is received by the Clerk of the Court at the following address on or before January 7, 2014:

Office of the Circuit Court Clerk, 505 County Farm Road, PO Box 707, Wheaton, IL 60187-0707

Any Member of the Settlement Class who does not make his, her, or its objection in the manner specified above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness of the settlement unless otherwise ordered by the Court.

**X.   THE LAWYERS REPRESENTING YOU**

The law firms of Robbins Geller Rudman & Dowd LLP and Lasky & Rifkind, Ltd. represent you and the other Members of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**XI.   EXCLUSION FROM THE SETTLEMENT CLASS**

You may request to be excluded from the Settlement Class. The request for exclusion must state: (1) your name, address, and telephone number; (2) the number of shares of OfficeMax common stock that you held at any time between February 20, 2013, through and including November 5, 2013; and (3) that you wish to be excluded from the Settlement Class. TO BE VALID, A REQUEST FOR EXCLUSION MUST STATE ALL OF THE FOREGOING INFORMATION. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE JANUARY 7, 2014, and sent to the addresses listed below. If you submit a valid and timely request for exclusion, you will have no rights under the settlement, and you will not be bound by the Stipulation or the Judgment.

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR THE OFFICEMAX DEFENDANTS | COUNSEL FOR THE OFFICE DEPOT DEFENDANTS |
|---|---|---|
| David Wissbroecker<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | Matthew R. Kipp<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>155 North Wacker Drive, Suite 2700<br>Chicago, IL 60606 | Paul C. Gluckow<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017 |

*[Handwritten:]* "Officemax Shareholder Litigation"
Please excuse us from this lawsuit.
X *[signature]*
X *[signature]*

1/6/14

PAGE 5 OF 6

QUESTIONS? VISIT OFFICEMAXRELATEDLITIGATION.COM OR CALL TOLL FREE 800-449-4900

Request received on 2014-01-22-16.20.55.0, Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

D. R. Nickelson
33815 Berg Rd.
Warren, OR 97053

FORTLAND OR 972

06 JAN 2014 PM 9 1



David Wissbroecker
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

9210138498

Request received on 2014-01-22-16.20.55.0 Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01222014-0433-44207

Lancaster, PA
Date: Jan. 6, 2014

To Counsel for Plaintiffs
David Wissbroecker
Robbins Geller Rudman & Dowd LLP:

**RECEIVED JAN 16 2014**

I Leonard V. Kenderdine, Jr. TTEE of
The Leonard V Kenderdine, Jr REV Living Trust
U/A DTD 9/6/2006 at the address of
1103 Frances Ave., Lancaster, PA 17601-4540
Telephone (717) 397-5409, request to be
excluded from the Class Action V. Office MAX,
Inc. et. al. Settlement Class.

I owned 1000 shares of Office MAX from
Feb. 24, 2012 to Feb. 25, 2013.

Sincerely,

Leonard V. Kenderdine, Jr TTEE

Leonard V. Kenderdine, Jr. TTEE

1103 Frances Ave.
Lancaster, PA
17601-4540

Request received on 2014-01-22-16.20.55.0  Document supplied on 01/22/2014 16:23:22 # 3568877/17043252657
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F01222014-0433-44207